SETH DAVIS *vs.* QUINCY MUTUAL FIRE INSURANCE COMPANY

An omission to disclose, in an application for insurance on a building, a written agreement by the applicant to convey it in consideration of a certain sum of money to be paid within a fixed time, or to disclose the fact that the greater part of the money orally agreed upon as the consideration for the conveyance was paid before the written agreement was entered into, will not avoid or prevent the recovery of the full amount insured by a policy of insurance which provides that it is issued on condition that the application contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property.

A policy of insurance upon the interest of a " mortgagee in possession," in a building " occupied by a tenant," is valid, although another person was in the occupation of the premises under an agreement from the assured to convey the same to him.

A mortgagee of a building whose interest therein is insured by a policy which provides that, in case of payment of any loss to him, he shall assign to the company so much of his interest in the mortgage as may not be necessary to extinguish the residue of the debt due thereon, may recover the full amount insured, although before the date of the policy he had entered into a written agreement to convey the premises insured to a person who, by the terms of the same agreement, was to be at the expense and to have the benefit of the insurance, and who, after the date of the policy and before the loss, had recognized the policy by paying the expense thereof.

CONTRACT upon a policy of insurance for $1000, dated December 3, 1863, issued by the defendants to the plaintiff " on his interest as mortgagee in possession " in a dwelling-house " occupied by a tenant " and situated in Chelmsford. The policy contained the following provisions : " This policy is made and accepted upon the following express conditions, viz: that the application for this insurance contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property, so far as the same

are known to the insured and are material to the risk." " And if the title to the property, or any part thereof, shall be alienated. . . . . . this policy shall be void." " In case of payment of any loss to a mortgagee whose interest only is insured, the party so paid shall, at the time of payment, assign to the company so much of his interest in the mortgage as may not be necessary to extinguish the balance of the debt due thereon." In the application, the plaintiff requested insurance " on his interest as mortgagee in possession in a two story wooden house and shed attached, and formerly occupied by Levi S. Fales and now by another tenant."

It was agreed in this court that on the 18th of April 1860 Levi S. Fales, being the owner of the premises, executed two mortgages thereof to D. Wheeler, one of which was given to secure five notes, amounting together to $2750, and the other to secure a note for $1250. On the 4th of June 1860 Wheeler assigned to the plaintiff the note for $1250 and the mortgage given to secure the same; and also the other mortgage " to the extent of $1500, being the amount specified in three promissory notes named in said mortgage." Davis duly entered upon the premises for breach of the condition of both mortgages, and while he was so in possession, on the 22d of October 1863, Susan H. Fales, wife of said Levi S., made a bargain with him to purchase for $1550 all his interest in the premises, and paid him $1400, and took from him an agreement under seal, dated that day, the material portions of which are as follows:

" Know all men by these presents that I, Seth Davis, . . . . . in consideration of one hundred and fifty dollars to be paid in twelve months by Susan H. Fales, wife of Levi S. Fales, . . . . . do hereby promise and agree, whenever the aforesaid Susan may so request, to give her a quitclaim deed of the house and land known by the name of the Marshall place, situated in Chelms-ford as aforesaid, and all my right and interest in said estate, acquired by the act of heretofore making an entry upon the same for the purpose of foreclosing two certain mortgages on said premises, dated April 18, 1860, signed by the aforesaid Levi S. Fales, to secure the payments of four certain notes, as set

forth in said mortgages, signed by the aforesaid Fales, the aggre= gate amount of said notes being $2750.   And I hereby agree that the said Susan may enter in and upon said premises forth- with, and have all the benefit arising from the occupancy of said premises that I, the said Davis, now or may have by virtue of the entries upon said premises for the purposes as heretofore set forth, and likewise the benefit of the insurance on the build= ings on said premises, she the said Susan to be at the expense for the insurance on the same.   And the said Susan hereafter is to have all the present and future benefits of the aforesaid estate that I, the said Davis, could have by and in consequence of the entry upon said estate for the purposes as heretofore set forth, without any further consideration beyond the aforesaid sum of $150, which sum when paid is to cancel all demands against the said Susan for all demands for the occupancy and use of said premises, as also a certain note, dated October 20, 1863, signed by the aforesaid Levi S. Fales and the said Susan H. Fales, whereby, for value received, they promise to pay to the said Seth Davis, or order, the sum of $150, in one year."   " Pro- vided, however, said request is to be made within three years from the date of this instrument."

The said Susan has since occupied the house, but has never paid the $150 mentioned in the agreement; and the plaintiff has made no transfer of his interest in the premises.   On the 1st of April 1864 Susan paid to him the expense of the insur- ance; and on the 20th of May following the premises were consumed by fire, and were of greater value than the amount insured.   No part of the notes secured by the mortgages has ever been paid.   The above agreement was not disclosed to the defendants until after the fire.

It was admitted that the plaintiff is entitled to recover, unless prevented by his transactions with Mrs. Fales, or his omission to disclose the agreement with her to the defendants ; and, if entitled to recover, it was agreed that he was entitled to recover $1000 and interest, unless upon the facts the defendants should be held liable for only $150 and interest.   Upon these facts, the case was reserved for the determination of the whole court.

*D. S. Richardson & G. F. Richardson,* for the plaintiff, cited *Nichols* v. *Fayette Ins. Co.* 1 Allen, 63 ; *Strong* v. *Manuf. Ins. Co.* 10 Pick. 40; *King* v. *State Ins. Co.* 7 Cush. 7; *Masters* v. *Madison County Ins. Co.* 11 Barb. 624 ; *Kernochan* v. *New York Ins. Co.* 17 N. Y. 428 ; *Ins. Co.* v. *Updegraff,* 21 Penn. State R. 513.

*W. S. Morton,* for the defendants. The application did not contain a full exposition of the material facts. The plaintiff's real interest was only $150. *Davenport* v. *New England Ins. Co.* 6 Cush. 340. *Brown* v. *People's Ins. Co.* 11 Cush. 280. *Bowditch Ins. Co.* v. *Winslow,* 3 Gray, 415. *Jenkins* v. *Quincy Ins. Co.* 7 Gray, 370. The plaintiff by his agreement had rendered himself unable to comply with the provision of the policy that he should assign to them a portion of his interest. He had also parted with the possession of the premises, and his statement that he was in possession was incorrect. At any rate, as the plaintiff's interest was only to the extent of $150, the damages should be only for that sum.

CHAPMAN, J. It is agreed that the only obstacle to the plaintiff's right to recover is his agreement with Susan H. Fales.

His application for insurance was " on his interest as mortgagee in possession," and describes the property as occupied by a tenant. The policy is on the same interest, and describes the property in the same way ; so that the phrase " mortgagee in possession " was not understood by the parties to imply an occupancy by the plaintiff, and the mere occupancy of Mrs. Fales is not a material fact.

The plaintiff's agreement with her was made prior to the date of the policy, and related to the same interest which was insured by the policy. In April 1860 Levi S. Fales had made two mortgages to D. Wheeler, one of which was to secure a note of $1250, and the other to secure several notes, amounting in all to $2750. In June 1860 Wheeler sold the first note and mortgage to the plaintiff. He also sold to him three of the other notes, amounting to $1500, and assigned to him a corresponding interest in the mortgage that secured them. Before the agreement was made with Mrs. Fales, the plaintiff had taken

possession for foreclosure under both mortgages. As part of the consideration for the agreement with her, she paid the plaintiff $1400 in cash, but this is not mentioned in the agreement. The terms of the agreement were, that in consideration of $150 to be paid by her in twelve months he would quitclaim to her his interest in the mortgages; that she might enter upon and occupy the premises and have the benefit of his entry; that she should have the benefit of the insurance on the buildings, she paying the expense of the insurance; and that he would quitclaim the land to her at any time within three years, she first paying the $150 and making request. As there was no agreement on her part, it was left at her option whether or not she would pay the money and take the conveyance. The contract was thus left executory, and until she paid or tendered the money she had no title, either legal or equitable, but only a right to acquire a title by making the payment. She entered and occupied as a mere tenant who had paid $1400, and had a right to occupy for a limited time, but no further present right in the property. This cannot be regarded as an alienation by the assured, within the terms of the policy.

Before the loss, she had paid to the plaintiff the expense of the insurance, but this cannot be regarded as effecting an assignment of the policy.

The most important question that arises in the case is under the clause in the policy which provides that, " in case of payment of any loss to a mortgagee whose interest only is insured, the party so paid shall, at the time of payment, assign to the company so much of his interest in the mortgage as may not be necessary to extinguish the balance of the debt due thereon." If by the agreement with Mrs. Fales the plaintiff had disabled himself from making such assignment to the company, without violating that agreement, it might perhaps bar his right to recover. But the agreement expressly recognizes his right to insure, and it is implied that the insurance may be on reasonable terms and conditions. The condition above stated is reasonable, it being the clause which has the effect to limit the insurance to his interest as mortgagee, and to prevent him from

recovering not only the whole insurance in case of loss, but also the whole of his debt in addition. An assignment to the company according to this clause, on receipt of the money, would not therefore be a violation of the agreement with Mrs. Fales. In addition to this, it may be remarked that she has expressly recognized this policy as being within the terms of the agreement by paying the expense of it. It thus appears that the interest of the defendants is not affected by the agreement, and the plaintiff is entitled to judgment for $1000.